**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| STELLA DEHNOUSHI, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-2109 (RDM) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs bring this case against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps ("IRGC"), and the Iranian Ministry of Intelligence and Security ("MOIS") pursuant to the terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A(a)(1).[1]  *See generally* Dkt. 1 (Compl.).  Plaintiffs previously requested that the Court authorize alternative service on the IRGC and the MOIS by email as "agencies and instrumentalities" of Iran under 28 U.S.C. § 1608(b)(3)(C).  *See* Dkt. 9.  The Court denied that motion without prejudice, explaining that the Court has previously held that the IRGC and the MOIS "were considered 'the foreign state itself' for the purpose of service, rather than an agency or instrumentality of the state, and that, therefore, service of those entities must proceed under 28 U.S.C. § 1608(a)" instead of Section 1608(b).  Min. Order (Feb. 18, 2026) (quoting *Holladay v. Islamic Republic of Iran*, 406 F. Supp. 3d 55, 59 (D.D.C. 2019)).  The Court invited Plaintiffs to renew their motion but directed that they "include an explanation of why they believe this

---

[1] Plaintiffs also name twenty unidentified individuals who "were officials, employees, agents, or operatives of Iran, the IRGC, or [the] MOIS" as Defendants.  Dkt. 1 at 4 (Compl. ¶ 14).

Court's decision in *Holladay* to be mistaken." *Id.* Plaintiffs have now filed a renewed motion for alternative service. *See* Dkt. 11.

As the Court previously explained in *Holladay*, "Section 1608 governs service of process under the FSIA and provides separate paths that plaintiffs must follow depending on the nature of the entity being served." 406 F. Supp. 3d at 59 (citing 28 U.S.C. § 1608). The first set of options, under Section 1608(a), applies "[i]f plaintiffs seek to serve a 'foreign state,'" while the second set of options, under Section 1608(b), applies "if they seek to serve an 'agency or instrumentality of a foreign state.'" *Id.* In the pending motion, Plaintiffs ask the Court to authorize service on the IRGC and the MOIS by email under Section 1608(b)(3)(C), which permits service upon an agency or instrumentality of a foreign state "as directed by order of the court consistent with the law of the place where service is to be made." 28 U.S.C. § 1608(b)(3)(C); *see* Dkt. 11 at 13. Accordingly, Plaintiffs' request must be denied if the IRGC and the MOIS are properly classified as "a foreign state or political subdivision of a foreign state" rather than an agency or instrumentality, such that service must be effected under Section 1608(a) rather than Section 1608(b). 28 U.S.C. § 1608(a).

"The D.C. Circuit has offered the following guidance for determining which path applies: 'if the core functions of the entity are governmental, it is considered the foreign state itself; if commercial, the entity is an agency or instrumentality of the foreign state.'" *Holladay*, 406 F. Supp. 3d at 59 (quoting *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 234 (D.C. Cir. 2003)); *see also Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 151–53 (D.C. Cir. 1994). Here, Plaintiffs do not contend that the "core functions" of either the IRGC or the MOIS are commercial rather than, as the Court held in *Holladay*, governmental. 406 F. Supp. 3d at 59; *see generally* Dkt. 11. Indeed, in their complaint Plaintiffs acknowledged that "[p]ursuant to the test

established by the United States Court of Appeals for the D.C. Circuit, the [IRGC] and [the] MOIS must be treated as the State of Iran itself as that term is used in [Section 1608]." Dkt. 1 at 4 (Compl. ¶ 13).

Nothing in Plaintiffs' latest motion supports a different result. Plaintiffs first argue that the D.C. Circuit misinterpreted the text of the FSIA in holding that Section 1608(b)'s applicability turned on whether a defendant entity's core functions were governmental or commercial. Dkt. 11 at 4–6; *see Transaero, Inc.*, 30 F.3d at 151. This Court, however, remains bound by the D.C. Circuit's reading of the statute unless and until the Circuit elects to revisit it. Plaintiffs next argue that the U.S. government's designation of the IRGC and the MOIS as terrorist entities under separate statutory authorities demonstrates that both entities are "distinct entities separate from the Iranian state." Dkt. 11 at 7. Those designations, however, do not alter the D.C. Circuit's holding in *Transaero, Inc.* or this Court's prior holding that the IRGC and the MOIS engage in governmental activities and are therefore covered by Section 1608(a). *See Holladay*, 406 F. Supp. 3d at 59.

Finally, Plaintiffs emphasize that they have been unable, through no fault of their own, to effect service in accordance with Section 1608(a). Iran (along with the IRGC and the MOIS) is not a party to any international convention regarding service; it lacks any other special arrangement for service; it has refused to accept service by certified mail; and, at least for the time being, it cannot be served via the Swiss Embassy in Iran (as the U.S. Department of State has done in other FSIA cases against Iranian entities) owing to the ongoing armed conflict in the region. Dkt. 11 at 9–11, *see also* Dkt. 12-1 at 2 (an email from the Department of State reporting that the Swiss Embassy "is temporarily closed until further notice."). The Court appreciates that Plaintiffs have endeavored in good faith to effect service on the Iranian Defendants and that their

failure to do so in accordance with Section 1608(a) is not attributable to any lack of diligence on their part. But that does not authorize the Court to reclassify the IRGC or the MOIS as agencies or instrumentalities of Iran in defiance of binding precedent or to authorize alternative service on a foreign state beyond the methods prescribed by Congress in Section 1608(a).

The Court will therefore **DENY** without prejudice Plaintiffs' renewed motion for alternative service, Dkt. 11. Plaintiffs are free to renew the motion if they have additional arguments that the IRGC and the MOIS are subject to service under Section 1608(b), or that Plaintiffs should be considered to have successfully effected service under Section 1608(a). They are also free to renew their efforts to effect service through the U.S. Department of State and the Swiss Embassy, if and when the Swiss Embassy reopens in Iran. On the present record, however, Plaintiffs have not demonstrated they have served Defendants in "strict adherence to the terms of [Section] 1608(a)" as Congress has required. *Transaero, Inc.*, 30 F.3d at 154.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: June 22, 2026

4